UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MONAHAN,

    Plaintiff,

v.                                                       Case No. 8:18-cv-654-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 210). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 68-69, 88-89). Plaintiff then requested an administrative hearing (Tr. 140). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 26-39). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 10-19). Subsequently, Plaintiff requested review from the

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1957, claimed disability beginning February 14, 2014 (Tr. 12). Plaintiff obtained a special education and completed the twelfth grade (Tr. 15). Plaintiff's past relevant work experience included work as a test driver (Tr. 17). Plaintiff alleged disability due to foot pain, arthritis, tendonitis, missing tips or fingers, and anxiety (Tr. 102).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since February 14, 2014, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease (DDD), peripheral vascular disease (PVD), and kidney disorder (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) (pushing, pulling lifting or carrying twenty pounds occasionally, and ten pounds frequently, with standing, walking and sitting for a full six hours out of an eight hour day) except that he should avoid more than occasional (or 1/3 of an eight hour day) ropes, ladders, and scaffolds; and can engage in frequent (or 2/3 of a workday) unusual postures (crawling, crouching, stooping, kneeling, balancing, climbing steps or ramps, foot controls, and overhead reaching) (Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and

determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a test driver (Tr. 17). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 18).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that

significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by (1) improperly formulating the Plaintiff's RFC; (2) finding that Plaintiff could perform his past relevant work; and (3) improperly rejecting Plaintiff's subjective complaints. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A. RFC**

The Plaintiff contends that the ALJ did not properly account for his mental/cognitive impairments and foot pain when formulating his RFC.[2] At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must

---

[2] The Plaintiff also contends that the ALJ erred by failing to find his mental/cognitive impairments and foot pain as severe impairments at step two. However, since the ALJ determined that Plaintiff suffered from multiple severe impairments at step two (Tr. 12), and then proceeded beyond step two in the sequential analysis, any error in failing to find that Plaintiff suffered from other severe impairments is rendered harmless. *Gray*, 550 F. App'x at 853-54; *Packer*, 542 F. App'x at 892; *Heatly*, 382 F. App'x at 824-25.

consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3).

"Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Further, "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). According to the ruling, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at *5. Therefore, in denying disability benefits, the evidence must show that the claimant can perform work on a regular and continuing basis.

Here, the ALJ concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) (pushing, pulling lifting or carrying twenty pounds occasionally, and ten pounds frequently, with standing, walking and sitting for a full six hours out of an eight hour day) except that he should avoid

more than occasional (or 1/3 of an eight hour day) ropes, ladders, and scaffolds; and can engage in frequent (or 2/3 of a workday) unusual postures (crawling, crouching, stooping, kneeling, balancing, climbing steps or ramps, foot controls, and overhead reaching) (Tr. 15). As an initial matter, the ALJ properly found that the Plaintiff's mental/cognitive impairments do not cause more than minimal limitations in Plaintiff's ability to work (Tr. 13). Indeed, as the ALJ noted, the Plaintiff "mostly attributed his limitations to physical complaints." *Id.* For instance, the Florida medical clinic notes indicate the Plaintiff only had minimal symptoms after beginning medications and that the Plaintiff's anxiety and depression improved overall (Tr. 576-622). These records also show that, while he had moderate ADHD symptoms, he displayed improvement with medication and was only briefly treated by a nurse for mental health issues (Tr. 584-605). The ALJ further noted that the record repeatedly reflects Plaintiff's normal memory, normal cognition, and fair to good concentration (Tr. 14, 581-609). The Plaintiff reported "doing really well" on the medication (Tr. 13). Also, while the Plaintiff claimed he had difficulty with basic school subjects, he completed the twelfth grade (Tr. 13). The ALJ further noted that the Plaintiff had successfully learned routes, navigated crowds safely, and tracked conditions and traffic patterns (Tr. 14). Notably, the record demonstrates that the Plaintiff successfully performed his past relevant work as a test driver for a decade and the record does not establish that he left for these reasons, despite his alleged mental/cognitive issues and limited education (Tr. 13, 274-81).

Additionally, the ALJ also properly accounted for the Plaintiff's foot pain in formulating the RFC. The ALJ noted that, while the Plaintiff was diagnosed with peripheral vascular disease ("PVD"), the Premier nurse noted no swelling and heard no abnormal leg vessel sounds (Tr. 16). The clinicians also cited no visible venous changes. *Id.* Recently, Dr. Paul Hughes classified his circulation as "stable." *Id.* The record fails to show any aneurysm, complete blood

flow blockage, or other life-threatening events. *Id.* And, though walking is painful for the Plaintiff, medical sources repeatedly advised Plaintiff to increase walking and exercise (Tr. 16, 460, 494, 648, 707). The ALJ also noted that, overall, his clinic examinations tend to be unremarkable and has not had recent inpatient care, despite his PVD stenting (Tr. 16). And, upon stent replacement, Plaintiff reported improvement to Dr. Medina such that he could walk "a couple hundred feet" before having to rest (Tr. 500). Other medical sources repeatedly demonstrated normal musculoskeletal findings, normal gait, and 5/5 strength in the legs (Tr. 490, 523, 527, 539, 649). In fact, while Dr. Sunita Patel, a state agency physician, noted *no limitation* in the operation of foot controls, the ALJ looked at the evidence in the light most favorable to the Plaintiff and limited the Plaintiff's RFC to frequent foot controls (Tr. 17).

Importantly, the Plaintiff did not mention that his foot pain causes accidents (Tr. 14, 35). In fact, the Plaintiff reported no trouble when driving or with the foot pedals, except that the weather can affect that sometimes. *Id.* Indeed, the ALJ noted that the Plaintiff's "asserted difficulty operating pedals seems belied by his current driving without incident." (Tr. 18). Further, the Plaintiff himself testified that not only did he not experience side effects from taking medications for pain, such as Morphine, Oxycontin, and Dilaudid, but experienced improvement in his pain with these medications (Tr. 521, 531, 543, 546, 652, 690-91). As such, the Plaintiff failed to meet his burden in showing that his impairments are severe, or more importantly, limit his ability to work beyond the RFC. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. §§ 404.1512, 416.912. The ALJ's formulation of the RFC is supported by substantial evidence. *See, e.g.*, *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (holding that "[e]ven if the evidence preponderates against the Commissioner's findings, the court must affirm if the decision reached is supported by substantial evidence"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (noting that, in reviewing the

Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.).

### a. Past Relevant Work

Further, the Plaintiff alleges that the ALJ failed to establish the mental and physical demands of Plaintiff's past relevant work as a test driver. Plaintiff argues that he cannot perform his past relevant work as a test driver particularly because of the use of foot controls and his cognitive/mental limitations, which he alleges the ALJ failed to properly account for in finding that he could perform his past relevant work. At the fourth step of the sequential analysis, the ALJ must determine whether the claimant is capable of performing his past relevant work. The review at this step involves the assessment of a claimant's RFC and requires consideration of the physical and mental demands of his former work. In this regard, "the ALJ has the duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before he determines that [he] is able to perform [his] past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (alteration in original) (emphasis omitted); *see also Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) (per curiam). The regulations expressly provide that an ALJ may consult the DOT in order to obtain evidence regarding whether a claimant possesses the RFC to perform his past relevant work. 20 C.F.R. §§404.1560(b)(2), 416.960(b)(2).

However, at this step, the burden is still upon the plaintiff to prove that he cannot do this past work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam)). Plaintiff bears the burden of proving that he cannot perform his past

relevant work either as he performed it *or* as it is generally performed in the national economy. 20 C.F.R. §416.920(a)(4)(iv); *Barnes*, 932 F.2d at 1359; *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). ). In considering a claimant's past relevant work, "[t]he regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis in original) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). Accordingly, a claimant needs to demonstrate that he or she cannot return to his or her former *type* of work rather than to a specific prior job. *Jackson*, 801 F.2d at 1293 (emphasis in original and citations omitted). Further, although VE testimony is not required in determining whether a claimant can perform his past relevant work, the Social Security Regulations provide that a VE "may be used in making this determination because such an expert 'may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 Fed. Appx. 343, 346 (11th Cir. 2005) (per curiam) (quoting 20 C.F.R. § 404.1560(b)(2)); *Savor v. Shalala*, 868 F. Supp. 1363, 1365 (M.D. Fla. 1994) (finding that an ALJ did not err by deferring to the opinion of a VE in order to address the physical demands of the claimant's past work and her ability to perform such work in spite of her impairments).

Here, the ALJ compared the Plaintiff's RFC with the physical and mental demands of the past relevant work and found that the Plaintiff can perform it as actually and generally performed (Tr. 18). Even though the Plaintiff alleges that he cannot perform his past work because of his foot pain and cognitive/mental limitations, the ALJ noted in his opinion that, while the Plaintiff suffered from these primary problems for years, he was still able to successfully complete his prior work as a test driver for a decade (Tr. 16-17, 35, 274-81). For

instance, while the Plaintiff argues that his past relevant work includes a higher reasoning level than he possesses, namely, a reasoning level of 3, the record demonstrates that the Plaintiff successfully performed this job for a decade (Tr. 30, 274-81). The ALJ further noted that notwithstanding Plaintiff's allegations, the Plaintiff completed the twelfth grade and did not state that he lost his previous work because of long-term incompetence (Tr. 13). In fact, during the administrative hearing, when asked what keeps him from being able to test drive, the Plaintiff testified that "[w]ell, they're out of business now, but it would be—probably be the same thing with the medication I'm on, probably wouldn't be able to do it." (Tr. 35). Further, the ALJ noted that the Plaintiff did not allege that he lost his previous work for mental reasons (Tr. 13). Nevertheless, even assuming *arguendo* that Plaintiff could not perform his past relevant work as *actually* performed, the Plaintiff failed to meet his burden that he cannot perform this job as *generally* performed in the national economy. Plaintiff's past relevant work is described as follows in the DOT:

> Test Driver I: Drives completed motor vehicle, as vehicle comes from assembly line, on proving ground under simulated road conditions, and observes performance to detect mechanical and structural defects: Examines vehicle before road testing to ensure that equipment, such as electrical wiring, hydraulic lines, and fan belts, are installed as specified, and verifies that vehicle has been services with oil, gas, and water. Drives vehicle to simulate actual driving conditions. Listens for rattles and excessive mechanical noise, and moves controls to test functioning of equipment, such as horn, heater, wipers and power windows. Writes inspection report on standardized form indicating defects or malfunctions.

DOT 806.283-014. The ALJ used a VE to determine that the Plaintiff can perform his past relevant work as a test driver (Tr. 18). Further, the ALJ established on the record that the VE's testimony is consistent with the DOT. *Id.* While the Plaintiff asks the Court to *assume* that the test driver job would require constant, rather than frequent foot controls, Plaintiff failed to establish that he could not frequently use foot controls as found by the ALJ *and* the DOT does

not support Plaintiff's contention. Also, Plaintiff failed to question the VE during the administrative hearing regarding any foot control limitations (Tr. 35, 38-39). Notably, the ALJ noted that Plaintiff's asserted difficulty operating pedals seem belied by his current driving without incident (*id.*). Even though Plaintiff urges that the ALJ did not properly account for foot pain and mental/cognitive limitations, as previously discussed, the ALJ properly formulated the RFC. Ultimately, it was Plaintiff's burden to prove that he could no longer perform his past relevant work as a test driver as it was generally performed, and he failed to meet that burden. As a result, Plaintiff's argument lacks merit and the ALJ's decision is supported by substantial evidence.

### b. Subjective Complaints

Finally, the Plaintiff alleges that the ALJ erred in rejecting his subjective complaints regarding his foot pain and mental/cognitive limitations. As an initial matter, Plaintiff's statements of pain will not alone establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529, 416.929. Plaintiff's diagnosis of or a test result reflecting a condition does not equate to an automatic finding of a disability; it is the effect of a condition or a combination of conditions on Plaintiff's ability to work that determines whether Plaintiff is disabled. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Moreover, Plaintiff bears the burden of proving that her conditions limit her ability to work. *See* 20 C.F.R. §§ 404.1512, 416.912. The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the Court of Appeals explained in *Landry v. Heckler*, the pain standard "require[s] evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain [or symptoms] arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain [or symptoms]." 782 F.2d 1551, 1553 (11th Cir. 1986)

(per curiam); *see Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (holding that the pain standard also applies to complaints of subjective conditions other than pain); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[T]here must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled.")

If the ALJ discounts Plaintiff's testimony concerning subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote* lain *v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)). The reasons given for discrediting pain testimony must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam); *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). In evaluating credibility, the ALJ must consider objective medical evidence and other evidence such as a claimant's daily activities, the location, duration, frequency, and intensity of a claimant's pain or other symptoms, and precipitating and aggravating factors. 20 C.F.R. §§ 404.1529(c), 416.929(c).[36] A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted). While "particular phrases and formulations" are not required when making a credibility determination, there must be more than boilerplate language explaining the ALJ's decision to not fully credit the plaintiff's testimony. *Dyer*, 395 F.3d at 1210-11 (internal quotations and citations omitted).

---

In the instant case, the ALJ properly applied the pain standard and found, after considering the evidence of record, that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (Tr. 16). However, the ALJ also determined that Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms were not credible because they were not supported by the record. *Id.* Indeed, the ALJ specifically noted that, while the Plaintiff is partially credible, there are inconsistencies in the record (Tr. 17). As required by the Eleventh Circuit, the ALJ articulated "explicit and adequate reasons" for rejecting Plaintiff's pain allegations, such as daily activities, the medical record, Plaintiff's statements, and no medication side effects (Tr. 13-18). For instance, the ALJ noted that Plaintiff denied side effects from medication (Tr. 13, 34). Despite Plaintiff's complaints, the record shows that the Plaintiff does not experience trouble driving and with foot controls (Tr. 13-17, 35). The ALJ further noted Plaintiff's daily activities, such as the fact that Plaintiff testified that he can wash dishes and laundry, and reported no issues getting bathed or dressed by himself (Tr. 34-35). Also, upon stent replacement, Plaintiff reported improvement to Dr. Medina such that he could walk "a couple hundred feet" before having to rest (Tr. 500). Other medical sources repeatedly demonstrated normal musculoskeletal findings, normal gait, and 5/5 strength in the legs (Tr. 490, 523, 527, 539, 649). In fact, medical sources repeatedly advised Plaintiff to increase walking and exercise (Tr. 460, 494, 648, 707). And, as the Court previously established, the Plaintiff's complaints about his mental/cognitive limitations are inconsistent with the medical record, his education, previous employment record, and own reports. Thus, while Plaintiff may argue that the record supports a contrary conclusion, it is "within the ALJ's discretion to determine, after listening to [Plaintiff's] testimony, that [her] claims of pain and other symptoms were not credible." *Holt*, 921 F.2d at 1223; *see also Adefemi*, 386 F.3d at 1027 (stating "the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings"). Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of August, 2019.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record